PAGE 2/15 * RCVD AT 9/16/2008 11:32:21 AM [Central Daylight Time] * SVR:fy8/DDDB/12 * DNIS:5250 * CSID:423 479 2696 * DURATION (mm-ss):06-29

ATTN, Dorothy Brown Jackson
800-825-3659  29/16

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

0108190497

## SUMMONS

_____ )  CIVIL ACTION
Louise Mullins          )  NUMBER _____
_____ )  VS. Allstate Insurance Company
_____ )  _____
     Plaintiff(s)          )       Defendant(s)

To the above-named defendant(s):

To: George Gray

You are hereby summoned and required to serve upon _Frank Groscia, Attorney_, plaintiff's attorney, whose address is _160 N. Ocoee St. Cleveland TN 37311_, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _____ day of _____, 20 ___.

_____          _____
        Clerk                        Deputy Clerk

## RETURN

I received this summons on the _____ day of _____, 20 ___.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

Process Server _____

**EXHIBIT A**

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

Sep 16 08 11:55a   Allstate-George Gray Agc   423 479 2696   p.2

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

**LOUISE THURMAN**
**Plaintiff**

V.

**ALLSTATE INSURANCE COMPANY**
**Defendant**

Case No. V-08-698
**JURY DEMANDED**

## COMPLAINT

Comes the Plaintiff, Louise Thurman and sues Defendant, Allstate Insurance Company and shows unto the Court:

### JURISDICTION

Plaintiff Louise Thurman since the fire has been a citizen and resident of Bradley County, Tennessee and other temporary housing. Defendant is a foreign corporation/insurance company doing business by selling insurance in the State of Tennessee with a principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

The Court has jurisdiction of the subject matter and person of this case subject to T.C.A. § 20-2-214(1); T.C.A. § 20-2-214(2) and § 20-2-214 (7)(c); T.C.A. § 20-2-201; T.C.A. § 56-6-147. The transaction for insurance was in Bradley County, Tennessee and venue is according to T.C.A. § 20-4-106 and T.C.A. § 20-4-104.

The Defendant Allstate Insurance Company's agent, George Gray, sold the Plaintiff the policy in question at his place of business located 2204 North Keith Street, Cleveland, Bradley County, Tennessee.

# COUNT ONE
# BREACH OF CONTRACT

**I.**

Defendant, Allstate Insurance Company insured Plaintiff's mobile home located at 198 Trace Lane, Rossville, Georgia against loss or injury by fire and other perils in a policy of insurance bearing Policy No. 931182175. The said mobile home was wholly destroyed by fire on February 29, 2008, of which event the Defendant has had notice.

**II.**

The policy issued by Allstate Insurance Company is believed to be a valued policy pursuant to T.C.A. 56-7-801-803 in the amount of $34,274.28 for the loss of the structure by fire. The actual value of the mobile home was $31,656.00. The policy is believed to further insure contents in the home up to seventy (70%) percent of the value of the amount of the structure loss or $23,922.00. The actual content loss was approximately $18,000.00. Defendant has failed and refused to provide Plaintiff with a copy of the policy and their Declaration Page. Plaintiff has an additional loss for living expenses in the amount of $4703.00. There are further policy provisions covering various items such as clean up.

**III.**

In addition to failing to pay Plaintiff the amount owed under the policy, Defendant Allstate Insurance Company by and through its agents engaged in tactics to delay and subvert the attempts by Plaintiff to collect amounts owed under said policy.

**IV.**

On March 25, 2008, Plaintiff received a letter from Allstate Insurance Company thanking Plaintiff for continuing to work with Allstate on this claim and stated that the investigation of the loss is continuing and should be resolved within 90 days. On May 27, 2008, Plaintiff received a

letter from William Zschunke of Webb, Zschunke, Neary & Dikeman Attorneys stating that their firm had been retained by Allstate Insurance Company to assist them in the investigation of an arson fire loss and noticed them to an Examination Under Oath which were taken. Plaintiff timely submitted a Proof of Loss and Contents List at the request of Defendant.

**V.**

Plaintiff has yet to receive any formal documentation from the Defendant regarding the findings of its investigation.

**VI.**

There is no mortgage on the mobile home.

**VII.**

Plaintiff has performed all conditions precedent to her right of recovery under the said policy of fire insurance. The Defendant has steadfastly failed and refused to make payment to the Plaintiff. The failure of the Defendant to pay the Plaintiff is and has been without justification, and the payment has been withheld from the Plaintiff in bad faith and for such a period of time that the Plaintiff is entitled to recover, in addition to the amount of the policy, an additional amount equal to 25% of the amount of the policy pursuant to T.C.A. § 56-7-105 plus attorney fees. Plaintiff has been further damaged by having to employ an attorney.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

1. The sum of $31,656.00 dollars, together with interest and costs for structural damage plus twenty (20%) percent of the above sum for replacement cost.

2. The sum of $18,000.00 for their contents of personal property.

3. The sum of $5,000.00 for loss of use all pursuant to the terms of the policy plus

prejudgment interest and other policy recovering according to the terms of the policy which Defendant shall provide in its answer pursuant to Tennessee Law.

## COUNT TWO
## VIOLATION OF CONSUMER PROTECTION ACT

### VIII.

Incorporated into Count Two, all the facts previously alleged. The aforesaid conduct violates The Consumer Protection Act T.C.A. § 47-18-101, et seq and Allstate Insurance Company is believed by the Plaintiff to be engaged in a continuing unfair and deceptive practice of refusing to pay claims for fire loss. Thus Allstate's refusal to pay is not based on any rational suspicion or defense but is based solely on a financial incentive that is profitable to the company and seriously detrimental to the policy holder. Allstate violated T.C.A. 47-18-101(27)(12) and Plaintiff is entitled to the remedies of T.C.A. 47-8-109.

Plaintiff is entitled to prejudgment interest pursuant to T.C.A § 47-14-123 under all counts of the foregoing complaint.

### IX.

Further, in violation of the Consumer Protection Act, Defendant has misrepresented the services sold and thus Plaintiff is entitled to treble damages plus attorneys fees.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:**

1. That proper process be issued and served upon defendant herein.

2. That Plaintiff have a JURY TO TRY THE ISSUES WHEN JOINED.

3. That Plaintiff have and recover all sums itemized in Counts I and II of this Complaint.

4. That Plaintiff have such other, further and general relief including costs of this action

and discretionary costs as they may be deemed entitled to by this Honorable Court sued and served upon defendants herein.

5. Pursuant to T.C.A § 47-14-123 Plaintiffs be allowed to recover for prejudgment interest.

6. That Plaintiff's total recovery is alleged to be $70,000.00 under all counts and theories of recovery.

7. That Plaintiff have such other, further and general relief including costs of this action.

                                              **Louise Thurman**
                                              By Attorney

                                          Respectfully submitted,

R. Jerome Shepherd BPR# 002186
Attorney for Plaintiffs
2180 North Ocoee Street
Cleveland, Tennessee 37311
(423)472-7555

STATE OF TENNESSEE
COUNTY OF BRADLEY

I, *Louise Thurman*, being duly sworn make oath that the facts charged in the foregoing document are true to the best of my knowledge and belief, that this document is not made out of levity or collusion with the defendant, but in sincerity and truth for the causes mentioned in this document.

*Louise Thurman*

Sworn to and subscribed before me this **3rd** day of **Sept**, 2008.

*Amanda Lee*
NOTARY PUBLIC

My Commission Expires: **1/25/2011**

### COST BOND

We acknowledge ourselves as Principal and Surety for the costs of this cause.

*Louise Thurman*
Principal

*Frankie Mason*
Surety

STATE OF TENNESSEE, COUNTY OF BRADLEY
I, Gayla H. [illegible], Clerk of the Circuit Court of said County, do hereby certify that the foregoing is a true copy of the _Complaint_ as same as appears on file in my office.
WITNESS my hand and seal of office in Cleveland, Tennessee. This _10_ day of _September_, 20 _08_.
GAYLA MILLER, Clerk
_Brenda N Hyles_, Deputy Clerk

Case 1:08-cv-00147-CLC-WBC   Document 1-1   Filed 10/10/08   Page 7 of 7   PageID #: 10